Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/25/2018 09:08 AM CDT

Zweiback Family Limited Partnership et al.,
appellees, v. Lincoln Benefit Life Company
and Brian Schuster, appellees, and
Dennis Tubbergen, appellant.

___ N.W.2d ___

Filed March 2, 2018.    No. S-17-324.

1. **Arbitration and Award: Judgments: Appeal and Error.** Arbitrability
   presents a question of law. On a question of law, an appellate court
   reaches a conclusion independent of the court below.
2. **Arbitration and Award.** A party cannot be required to submit a dispute
   to arbitration unless he or she has agreed to do so.
3. **Contracts: Arbitration and Award.** Arbitration is purely a matter
   of contract.

Appeal from the District Court for Douglas County: Horacio
J. Wheelock, Judge. Affirmed.

Gerald L. Friedrichsen, of Fitzgerald, Schorr, Barmettler &
Brennan, P.C., L.L.O., for appellant.

Edward D. Hotz, of Pansing, Hogan, Ernst & Bachman,
L.L.P., for appellees.

Heavican, C.J., Cassel, Stacy, and Kelch, JJ., and Bishop,
Judge.

Stacy, J.
The district court denied a motion to compel arbitra-
tion, reasoning the agreement to arbitrate "concern[ed] or
relat[ed] to an insurance policy" and thus was unenforceable

under Nebraska law.[1] We affirm, although for different reasons.

## FACTS

Eugene M. Zweiback is the named insured under two variable life insurance policies issued by Lincoln Benefit Life Company (LBL). Zweiback is also the general partner of two partnerships named as plaintiffs in this lawsuit. Zweiback alleges that in 2004, he consulted two authorized agents or brokers of LBL, Dennis Tubbergen and Brian Schuster, and told them he wanted to purchase a life insurance policy. Zweiback wanted a policy with a one-time premium of approximately $1 million that would continue to finance the ongoing cost of insurance during his lifetime and then pay a large benefit upon his death, regardless of his age.

In 2005, Zweiback applied for and was issued two LBL life insurance policies; the death benefit of each was $10 million. Zweiback alleges both Tubbergen and Schuster advised him on multiple occasions that the LBL policies satisfied Zweiback's conditions. Zweiback paid premiums of approximately $1 million for the policies, and he alleges Tubbergen and Schuster received substantial commissions on the sale of the policies. He also alleges he did not know the policies were variable life insurance policies or that the ability of the policies to pay future insurance costs without additional premiums depended on the performance of underlying investments.

Approximately 1 year later, in October 2006, the face values of both LBL policies were lowered from $10 million to $3.5 million. Zweiback alleges this was done after the date upon which Tubbergen and Schuster would have to return earned commissions. In June 2012, Zweiback was informed by LBL that additional premiums were due to keep the policies in force. Instead of paying additional premiums, Zweiback chose to reduce the face value of both policies to $2 million.

---

[1] Neb. Rev. Stat. § 25-2602.01(f)(4) (Reissue 2016).

- 182 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
ZWEIBACK FAMILY L.P. v. LINCOLN BENEFIT LIFE CO.
Cite as 299 Neb. 180

In August 2014, Zweiback and the partnerships (collectively Zweiback) filed an action against LBL, Tubbergen, and Schuster in the Douglas County District Court. Zweiback alleges Tubbergen and Schuster fraudulently induced him into purchasing the LBL life insurance policies by misrepresenting the nature and terms thereof. The operative amended complaint alleges claims of fraudulent misrepresentation and fraudulent concealment against Tubbergen and Schuster and seeks to have LBL reform or replace the existing policies with ones more suitable to Zweiback.

In December 2014, all defendants answered, generally denying the allegations of fraud and misrepresentation and raising a variety of affirmative defenses. Tubbergen alone raised the affirmative defense that the action against him was subject to binding arbitration.

More than 1½ years after filing his answer, Tubbergen filed a motion to compel arbitration. A hearing on the motion was held in February 2017. The only evidence offered and received at the hearing was an affidavit authored by Tubbergen. Attached to the affidavit were two "Investor Profile" agreements executed by Zweiback, both of which contained arbitration provisions. The terms of the arbitration agreements will be set out in our analysis.

The investor profiles were apparently part of Tubbergen's association with USA Financial Securities and USA Advanced Planners, both of which appear to be firms registered with the Securities and Exchange Commission, but neither of which are parties to this action. The investor profile agreements were signed by Zweiback in February 2005 and February 2007.

Tubbergen's affidavit avers that the LBL policies issued in 2005 were variable life insurance policies required to be registered by the Securities and Exchange Commission as securities. His affidavit does not indicate the investor profiles were a necessary part of either applying for or registering the LBL policies, but does aver that Tubbergen "submitted [the

investor profiles] with the applications for the variable insurance products that are the basis for this action."

On February 22, 2017, the district court entered an order denying Tubbergen's motion to compel arbitration. The court relied on § 25-2602.01(f)(4), which provides, in relevant part, that an arbitration agreement "concerning or relating to an insurance policy" is not valid and enforceable. The court rejected Tubbergen's argument that the variable life insurance policies at issue were actually securities and not "insurance polic[ies]" within the meaning of § 25-2602.01(f)(4).

Tubbergen timely appealed, and we moved the case to our docket on our own motion.[2]

## ASSIGNMENTS OF ERROR

Tubbergen assigns that the district court erred in (1) denying his motion to compel arbitration and (2) determining the investor profiles concerned or related to an insurance policy within the meaning of § 25-2602.01(f)(4).

## STANDARD OF REVIEW

[1] Arbitrability presents a question of law.[3] On a question of law, we reach a conclusion independent of the court below.[4]

## ANALYSIS

Tubbergen filed his motion to compel arbitration pursuant to both Nebraska's Uniform Arbitration Act[5] and the Federal Arbitration Act.[6] When a contract containing an arbitration clause involves interstate commerce, issues of federal

---

[2] Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[3] *Speece v. Allied Professionals Ins. Co.*, 289 Neb. 75, 853 N.W.2d 169 (2014).

[4] *Id.*

[5] Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2016).

[6] 9 U.S.C. §§ 1 to 16 (2012).

- 184 -

Nebraska Supreme Court Advance Sheets
299 Nebraska Reports
ZWEIBACK FAMILY L.P. v. LINCOLN BENEFIT LIFE CO.
Cite as 299 Neb. 180

preemption arise and must be analyzed when ruling on a motion to compel arbitration in order to determine which act governs the agreement.[7] And when issues of insurance and arbitration are presented, the applicability and scope of the McCarran-Ferguson Act[8] should also be considered.[9] The trial court's order did not include any such analysis. However, to resolve this appeal, it is not necessary to engage in a preemption analysis, because we find there was a failure of proof regarding the arbitration agreement itself.

[2,3] A party cannot be required to submit a dispute to arbitration unless he or she has agreed to do so.[10] Arbitration is purely a matter of contract,[11] and thus, our threshold inquiry here is whether the record shows that Zweiback agreed to submit future disputes with Tubbergen to binding arbitration.

Before addressing the merits of this inquiry, we note Tubbergen has both alleged the existence of and offered evidence of an arbitration agreement signed by Zweiback. This case is thus factually distinguishable from *Pearce v. Mutual of Omaha Ins. Co.*,[12] where we lacked jurisdiction over an appeal from a denial of a motion to compel arbitration. In *Pearce*, we held that where no agreement to arbitrate had been alleged or offered, an order refusing to compel arbitration was not an appealable order under the Uniform Arbitration Act[13]

---

[7] See, e.g., *Speece, supra* note 3; *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010).

[8] 15 U.S.C. §§ 1011 to 1015 (2012).

[9] See, e.g., *Speece, supra* note 3; *Kremer, supra* note 7.

[10] See, *Kelley v. Benchmark Homes, Inc.*, 250 Neb. 367, 550 N.W.2d 640 (1996), *disapproved on other grounds, Webb v. American Employers Group*, 268 Neb. 473, 684 N.W.2d 33 (2004).

[11] *Cornhusker Internat. Trucks v. Thomas Built Buses*, 263 Neb. 10, 637 N.W.2d 876 (2002).

[12] *Pearce v. Mutual of Omaha Ins. Co.*, 293 Neb. 277, 876 N.W.2d 899 (2016).

[13] See § 25-2620(a)(1).

- 185 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
299 NEBRASKA REPORTS
ZWEIBACK FAMILY L.P. v. LINCOLN BENEFIT LIFE CO.
Cite as 299 Neb. 180

and was not a final, appealable order under Neb. Rev. Stat. § 25-1902 (Reissue 2016). Here, Tubbergen has both alleged an agreement to arbitrate and offered evidence of the same, so the concerns present in *Pearce* are not present here. We conclude we have jurisdiction over this appeal,[14] and we turn our attention to whether the arbitration agreements in the record support Tubbergen's claim that Zweiback agreed to submit this dispute to arbitration.

The 2005 arbitration agreement provides:

> I and USA Financial agree that the following PRE-DISPUTE AGREEMENT TO BINDING ARBITRATION APPLIES TO ANY AND ALL CONTROVERSIES arising among USA Financial, USA Financial's Related Persons, My Investment Custodian, and Me or My related interests. All claims or controversies, and any related issues concerning any transaction or order; or the construction, performance, or breach of this or any other Agreement with Me whether entered into prior to, on, or subsequent to the date of this Agreement . . . SHALL BE FINALLY AND CONCLUSIVELY DETERMINED BY BINDING ARBITRATION . . . .

The 2007 arbitration agreement contained the same language, but referred to "USA Advanced Planners" instead of "USA Financial."

It is undisputed that Zweiback signed both the 2005 and the 2007 arbitration agreements, but whether Tubbergen is a signatory to, or otherwise is subject to, the arbitration agreements is not evident from either the face of the agreement or the record. Because arbitration is purely a matter of contract, we review the arbitration agreements here using basic contract principles.[15] For efficiency, we discuss the terms of the 2005 arbitration agreement, but our analysis applies equally to the 2007 agreement.

---

[14] See, *Speece, supra* note 3; *Webb, supra* note 10.

[15] *Koricic v. Beverly Enters. - Neb.*, 278 Neb. 713, 773 N.W.2d 145 (2009).

The 2005 arbitration agreement pertains to disputes between Zweiback and "USA Financial," "USA Financial's Related Persons," or Zweiback's "Investment Custodian." Tubbergen's affidavit does not use or reference the agreement's vernacular, and instead avers he was "an officer, member and registered representative" of USA Financial Securities. There is nothing in his affidavit, or elsewhere in the record, demonstrating that Tubbergen was Zweiback's "Investment Custodian" or one of "USA Financial's Related Persons," as those terms are used in the arbitration agreement. To the extent "Related Persons," and "Investment Custodian" appear to be defined terms, neither the affidavit nor the attachments provide the definition.

The record is insufficient to demonstrate that the arbitration agreement between Zweiback and USA Financial Securities includes disputes between Zweiback and Tubbergen. Without evidence that Tubbergen is Zweiback's "Investment Custodian" or is one of "USA Financial's Related Persons," Tubbergen has not met his burden of proving he is subject to the arbitration agreement he seeks to enforce.[16] The trial court was correct to deny Tubbergen's motion to compel arbitration.

## CONCLUSION

On the record before us, there is no evidence that the arbitration agreements between Zweiback and USA Financial Securities or USA Financial Planners apply to disputes between Zweiback and Tubbergen. We thus affirm the district court's order denying Tubbergen's motion to compel arbitration.

AFFIRMED.

WRIGHT, MILLER-LERMAN, and FUNKE, JJ., not participating.

---

[16] See *RFD-TV v. WildOpenWest Finance*, 288 Neb. 318, 849 N.W.2d 107 (2014) (where appellees were not signatories to agreement, appellant failed to make prima facie showing appellees were subject to arbitration clause).