## TRAVELERS INSURANCE COMPANY *v.* GENERAL ELECTRIC COMPANY
### (14900)

PETERS, C. J., BERDON, NORCOTT, KATZ and PALMER, Js.

Argued June 7—decision released July 12, 1994

*Andrew P. Nemiroff,* with whom was *Jennifer Paul Cohen,* for the appellant (defendant).

*Thomas J. Shortell,* with whom, on the brief, were *Karen P. Blado* and *Mary J. Ambrogio,* for the appellee (plaintiff).

PER CURIAM. The dispositive issue in this appeal is whether a trial court has rendered an appealable judgment when it denies a litigant's motion to stay a civil action to permit arbitration. The plaintiff, Travelers

Insurance Company, filed an action against the defendant, General Electric Company, alleging the nonpayment of a lease termination payment. In response to the plaintiff's application for a prejudgment remedy,[1] before filing an answer, the defendant moved the trial court, pursuant to General Statutes § 52-409,[2] to stay the pending litigation until the completion of arbitration proceedings. Concluding that the defendant had failed to prove that the plaintiff had agreed to arbitrate its claim, the trial court denied the defendant's motion. The defendant appealed the denial of its motion to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

The plaintiff maintains that the trial court's denial of the stay is not an appealable order. We agree. In *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 769, 613 A.2d 1320 (1992), we held that, "[b]ecause . . . a civil action must be pending for a § 52-409 order to be issued . . . such an order is interlocutory and, therefore, not appealable." Applying the two part test for an appealable interlocutory order articulated in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983), we concluded that a § 52-409 order is neither an "order or action [that] terminates a separate and distinct proceeding" nor an "order or action [that] so concludes the rights of the parties that

---

[1] No appeal has been taken from the trial court's order granting the plaintiff's application for a prejudgment remedy.

[2] General Statutes § 52-409 provides: "STAY OF PROCEEDINGS IN COURT. If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

further proceedings cannot affect them." *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* supra, 769–76.

The procedural context for our decision in *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* supra, 223 Conn. 769–76, was a decision of a trial court that *granted* a defendant's motion for a stay pursuant to § 52-409. In this case, the trial court denied the defendant's motion for a stay pursuant to § 52-409. Despite the defendant's earnest argument to the contrary, we conclude that this is a distinction without a difference. The analysis contained in *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* supra, expressly encompassed any order "granting or denying a stay under § 52-409." Id., 768.

We are unpersuaded that we should reconsider our holding in *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* supra, 223 Conn. 761, or limit its applicability. Accordingly, the defendant's appeal is premature.

The appeal is dismissed.

BERDON, J., dissenting. I continue to be concerned about this court's ruling in *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 613 A.2d 1320 (1992), that the decision to grant or deny a motion to stay proceedings based on the arbitrability of the dispute is not a final judgment for appellate jurisdictional purposes. The denial of a stay for arbitration comes within the first *Curcio* exception. *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983) ("where the order or action terminates a separate and distinct proceeding"). It makes no economic sense to require a defendant to defend a civil action and incur costly litigation expenses when the controversy may

very well be subject to an agreement to arbitrate.[1] *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* supra, 777 (*Berdon, J.,* dissenting). Furthermore, arbitration is designed to be " 'an efficient and economical system of alternative dispute resolution.' " *White* v. *Kampner,* 229 Conn. 465, 471, 641 A.2d 1381 (1994), quoting *Garrity* v. *McCaskey,* 223 Conn. 1, 4–5, 612 A.2d 742 (1992). By refusing to allow an appeal to determine whether a dispute is arbitrable, this court fails to serve that beneficent purpose. For these reasons, I would get to the merits of the defendant's appeal.

Accordingly, I respectfully dissent.