VINCENT J. CATRINI *v.* ERIC ERICKSON ET AL.
(AC 29770)

Bishop, DiPentima and Gruendel, Js.

Argued January 8—officially released March 17, 2009

*Leonard M. Isaac,* for the appellant (plaintiff).

*Walter A. Shalvoy, Jr.,* for the appellees (defendants).

Opinion

PER CURIAM. The plaintiff, Vincent J. Catrini, appeals from the judgment of the trial court dismissing his action against the defendants, Eric Erickson, Susan Erickson and RER Performance Enterprises, Inc. On appeal, the plaintiff claims that the court improperly concluded that it lacked subject matter jurisdiction to entertain his action. We agree with the plaintiff and, accordingly, reverse the judgment of the trial court.

The plaintiff instituted this action against the defendants, alleging that they had made fraudulent representations to induce him to enter into a stock purchase agreement. The plaintiff further alleged that the defendants' actions violated the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a et seq. The defendants moved to dismiss the action on the ground that the court lacked subject matter jurisdiction because the parties had a signed contract providing that they would submit any disputes arising from the agreement to final and binding arbitration. The court granted the motion to dismiss and this appeal followed.

Our Supreme Court has "long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . ." (Internal quotation marks omitted.) *Bloomfield* v. *United Electrical, Radio &*

*Machine Workers of America, Connecticut Independent Police Union, Local 14,* 285 Conn. 278, 286, 939 A.2d 561 (2008).

The fact that General Statutes § 52-409 allows a court to enter a stay in a matter involving an arbitration agreement belies the defendants' claim, and the trial court's implicit ruling, that an agreement to arbitrate ousts the court of its subject matter jurisdiction.[1] If the existence of an arbitration agreement in a contract implicated the court's jurisdiction to hear an action, then a court would, accordingly, not have jurisdiction to stay such a matter because, in the absence of jurisdiction, the court may only dismiss a matter. In short, because the power to order a stay implies that the court has jurisdiction over a matter, the legislature could not have empowered the court to enter a stay in such a matter unless the court has jurisdiction over it.[2] Accordingly, the court improperly granted the defendants' motion to dismiss for lack of subject matter jurisdiction.[3]

---

[1] General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

[2] Similarly, courts have jurisdiction to enforce arbitration agreements and to enforce, modify or vacate arbitration awards, and are often called upon to interpret and construe the enforceability and scope of such agreements. See General Statutes §§ 52-410, 52-417, 52-418 and 52-419.

[3] The plaintiff also argues on appeal that his claims against the defendants do not fall within the scope of the arbitration clause in the parties' contract. Because neither the granting nor the denial of a motion to stay under § 52-409 constitutes a final judgment; see *Success Centers, Inc.* v. *Huntington Learning Centers, Inc.,* 223 Conn. 761, 769, 613 A.2d 1320 (1992), and *Travelers Ins. Co.* v. *General Electric Co.,* 230 Conn. 106, 107–108, 644 A.2d 346 (1994); we cannot, even in the spirit of judicial economy, reach the question of whether this action should properly be stayed.

The judgment is reversed and the case is remanded for further proceedings according to law.