******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EWAN MARK *v.* ROBERT NEUNDORF ET AL.
(AC 33762)

DiPentima, C. J., and Beach and Alvord, Js.

*Argued September 26, 2013—officially released January 14, 2014*

(Appeal from Superior Court, judicial district of
Windham at Putnam, Vacchelli, J.)

*John K. Harris, Jr.*, for the appellant (plaintiff).

*Kathleen M. Cerrone* filed a brief for the appellees
(defendants).

*Opinion*

BEACH, J. The plaintiff, Ewan Mark, appeals from the trial court's judgment dismissing his complaint against the defendants, Robert Neundorf, doing business as Go2Guys, and Go2Dump, LLC (Go2Dump).[1] On appeal, the plaintiff claims the court erred in: (1) dismissing his complaint against Go2Dump because it was not a party to the contract between the plaintiff and Neundorf, which contained an alternative dispute resolution clause; and (2) dismissing the plaintiff's complaint against Neundorf, a party to the contract containing the alternative dispute resolution clause, because the imposition of a stay, a less drastic alternative, was available. We reverse the judgment of the trial court.

The following facts, as alleged in the complaint, and procedural history are relevant to this appeal. The plaintiff is the owner of a mobile home situated at 17 Hillside Terrace, Danielson, and resided in the mobile home until February, 2011. At that time, the plaintiff's residence suffered damage due to ice and snow accumulation on its roof.

On February 26, 2011, the plaintiff entered into a contract for repairs to his mobile home. The contract was prepared and signed by Neundorf on behalf of Go2Guys. Section 12 of the contract provides: "If any dispute arises under the terms of this agreement, the parties agree to select a mutually agreeable neutral third party to help them *mediate* it. If the mediation is deemed unsuccessful, the parties agree that the dispute shall be decided by the applicable small claims court if the amount in dispute is within the court's jurisdiction, and otherwise by binding arbitration under the rules issued by the American Arbitration Association. The decision of the arbitrator shall be final. Each party shall pay his or her own attorney fees." (Emphasis added.)

On April 26, 2011, the plaintiff filed a two count complaint against the defendants. Count one, as to Neundorf, alleged breach of contract and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq.[2] Count two, as to Go2Dump, alleged violations of CUTPA.[3] The plaintiff sought monetary damages, costs and fees associated with bringing this action against the defendants, and punitive damages.

On May 26, 2011, the defendants sent to the plaintiff a demand for mediation.[4] The defendants never received a response from the plaintiff.

On June 8, 2011, the defendants filed a motion to dismiss the entire complaint for lack of subject matter jurisdiction.[5] The plaintiff did not file a written objection to the defendants' motion to dismiss, but his counsel was present at oral argument on the motion. The plaintiff's counsel orally objected to the defendants' motion

to dismiss. The court granted the defendants' motion to dismiss for lack of subject matter jurisdiction, concluding that the subject contract required mediation or arbitration.[6] This appeal followed.

The plaintiff argues that the trial court erred in: (1) dismissing the plaintiff's complaint against Go2Dump because it was not a party to the contract between the plaintiff and Neundorf that included the alternative dispute resolution clause; and (2) dismissing the plaintiff's complaint against Neundorf, who was a party to the contract that included the alternative dispute resolution clause, because the imposition of a stay, a less drastic alternative, was available. The defendants, in their brief, argue that the trial court properly granted their motion to dismiss for lack of subject matter jurisdiction because section 12 of the contract makes mediation and/or arbitration conditions precedent to litigation, and the plaintiff did not exhaust or even pursue these alternate forms of dispute resolution prior to commencing the action.

"Pursuant to the rules of practice, a motion to dismiss is the appropriate motion for raising a lack of subject matter jurisdiction." *St. George* v. *Gordon*, 264 Conn. 538, 545, 825 A.2d 90 (2003). "A motion to dismiss . . . essentially asserts that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Beecher* v. *Mohegan Tribe of Indians of Connecticut*, 282 Conn. 130, 134, 918 A.2d 880 (2007); *Pedro* v. *Miller*, 281 Conn. 112, 116, 914 A.2d 524 (2007). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) *Bloomfield* v. *United Electrical, Radio & Machine Workers of America, Connecticut Independent Police Union, Local 14*, 285 Conn. 278, 286, 939 A.2d 561 (2008). Our Supreme Court has "long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) Id.

Generally, "[w]here a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract. . . . Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention

cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." (Citation omitted; footnote omitted.) *Multi-Service Contractors, Inc.* v. *Vernon,* 181 Conn. 445, 447–48, 435 A.2d 983 (1980).

This court, however, in *Catrini* v. *Erickson,* 113 Conn. App. 195, 197, 966 A.2d 275 (2009), recently clarified that even where pursuing arbitration is a condition precedent to litigation, whether by express provision or necessary implication, the court is not without subject matter jurisdiction by virtue of a plaintiff's failure to pursue arbitration. In *Catrini,* the defendants moved to dismiss the plaintiff's complaint on the ground that the trial court lacked subject matter jurisdiction. The parties had signed a contract providing that the parties would submit any dispute arising from the contract to final and binding arbitration. Id., 196. The trial court granted the defendants' motion to dismiss, and the plaintiff appealed. Id. On appeal, this court reversed the trial court's judgment; id.; explaining that "[t]he fact that General Statutes § 52-409[7] allows a court to enter a stay in a matter involving an arbitration agreement belies the defendants' claim, and the trial court's implicit ruling, that an agreement to arbitrate ousts the court of its subject matter jurisdiction. If the existence of an arbitration agreement in a contract implicated the court's jurisdiction to hear an action, then a court would, accordingly, not have jurisdiction to stay such a matter because, in the absence of jurisdiction, the court may only dismiss a matter. In short, because the power to order a stay implies that the court has jurisdiction over a matter, the legislature could not have empowered the court to enter a stay in such a matter unless the court has jurisdiction over it." (Footnotes omitted.) Id.,197.

The contract in the present case does not contain a standard arbitration clause. Section 12 of the contract contemplates a two step alternative dispute resolution process that provides for: (1) submission of the dispute to a neutral third-party mediator; and (2) if mediation is unsuccessful, submission of the dispute to small claims court, provided the amount of the claim is within the subject matter jurisdiction of small claims court, *or* otherwise, submission of the dispute to arbitration. No Connecticut statute expressly authorizes a court to stay judicial proceedings and to compel mediation in accordance with the terms of a mediation or hybrid provision. We conclude, however, that the plaintiff's failure to pursue mediation before commencing the underlying action against the defendants by no means deprived the trial court of subject matter jurisdiction.

First, if agreements to arbitrate do not implicate subject matter jurisdiction, it is difficult to see how agreements to mediate would have such effect. See, e.g., *Catrini* v. *Erickson*, supra, 113 Conn. App. 197 (agreements to arbitrate do not defeat court's subject matter jurisdiction). Second, several Superior Court decisions[8] state the proposition that even where a contract expressly makes mediation a condition precedent to litigation, a party's failure to pursue mediation before litigation does not deprive the court of subject matter jurisdiction. See, e.g., *Leclair* v. *Scholastic Mortgage, LLC*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV-09-5009989-S (January 13, 2010) (49 Conn. L. Rptr. 202, 205) (denying defendant's motion to dismiss for lack of subject matter jurisdiction); *Cafarelli* v. *Colon-Collazo*, Superior Court, judicial district of Danbury, Docket No. CV-05-5000279-S (June 20, 2006) (41 Conn. L. Rptr. 539, 541) ("Mediation is nonbinding, does not involve a contested hearing, and, in general, does not duplicate proceedings in court. . . . [A]lthough mediation is a condition precedent to court action, the failure of the parties to take advantage of this opportunity does not deprive the court of subject matter jurisdiction.").

Third, although no Connecticut statute expressly grants the court the authority to stay proceedings and to compel mediation where the parties contractually have agreed to mediate their disputes, the courts nevertheless possess the discretionary authority to do so. See generally, *Park City Hospital* v. *Commission on Hospitals & Health Care*, 210 Conn. 697, 701, 556 A.2d 602 (1989) ("[t]he Superior Court's exercise of its equitable powers in [deciding whether to grant a stay] is in fact much broader" than that expressly conveyed by statute); *EJV Development, LLC* v. *CRC Real Estate Development, LLC*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-08-5009105-S (March 12, 2009) (47 Conn. L. Rptr. 365, 365) ("[t]he court has inherent power to stay proceedings before it in the interest of the just resolution of controversies" [internal quotation marks omitted]); 1 Am. Jur. 2d 848, Actions § 68 (2005) ("[e]very court has the authority to stay proceedings before it to insure that justice is done or as an incident of its right to provide for the efficient and economic use of judicial resources" [footnotes omitted]). Section 12 does not destroy the court's jurisdiction. Accordingly, we conclude the court improperly granted the defendants' motion to dismiss for lack of subject matter jurisdiction.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] Go2Dump is a Connecticut limited liability company. Hereafter, references to Neundorf include his role in doing business as Go2Guys.

[2] The plaintiff's complaint alleges that Neundorf breached the contract for repairs to the plaintiff's home by: (1) failing to complete the work; (2)

failing to perform the work in a workmanlike manner; (3) failing to perform the work in compliance with applicable building codes; and (4) failing to maintain insurance.

The plaintiff's complaint further alleges that Neundorf violated CUTPA by: (1) using the fictitious trade name "Go2Guys" and/or "Go2Guys, LLC" without registering that fictitious trade name as required by General Statutes § 35-1; (2) using the home improvement contractor registration number for Go2Dump in violation of the requirements of General Statutes § 20-427; and (3) advertising home improvement and/or repair services without including a valid contractor's registration number in violation of § 20-427.

[3] The plaintiff's complaint alleges that Go2Dump violated CUTPA by allowing Neundorf to use the home improvement contractor registration number issued to Go2Dump.

The defendants, in their brief, argued that the plaintiff waived his right to argue that the trial court improperly dismissed the complaint with respect to Go2Dump because the language in count two that incorporates by reference paragraphs one through three of count one can be read only as making a breach of contract claim against Go2Dump, thereby alleging that Go2Dump signed the contract and is thus subject to the alternative dispute resolution clause contained in the contract. We do not agree that this is the only plausible reading of the language in the plaintiff's complaint; however, we decline to decide the issue because it is extraneous to the resolution of this appeal.

[4] The submission to mediation states: "The insurance company has provided approximately $35,000.00 in funds to Mr. Mark which [he] has refused to provide to the contractor [Neundorf]. [Neundorf] also claims an additional approximate amount of $12,000.00 due from Mr. Mark."

[5] Although the defendant's motion to dismiss is titled "motion to dismiss" and not "motion to dismiss for lack of subject matter jurisdiction" the only reason for dismissal cited by the defendants in their motion, memorandum of law in support of their motion to dismiss, and at oral argument on their motion, is the trial court's claimed lack of subject matter jurisdiction. This court has repeatedly stated the proposition that "[i]t is the substance of a motion . . . that governs its outcome, rather than how it is characterized in the title given to it by the movant." *State* v. *Taylor*, 91 Conn. App. 788, 792, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005); see *Drahan* v. *Board of Education*, 42 Conn. App. 480, 489, 680 A.2d 316 (proposition that motion is to be decided on basis of substance rather than on form or label affixed to motion), cert. denied, 239 Conn. 921, 682 A.2d 1000 (1996).

[6] The trial court did not expressly state that its reason for dismissal was lack of subject matter jurisdiction; rather, the court stated only: "GRANTED. The subject contract requires mediation/binding arbitration." The court thus seems to have adopted the defendants' argument, and neither the court nor any of the parties have suggested any other ground for dismissal.

[7] Section 52-409 provides that: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration."

[8] Although we are not bound by these decisions, we do find the reasoning helpful.

———————————————