111 F.3d 883
 65 USLW 2683, 37 Fed.R.Serv.3d 507,
42 U.S.P.Q.2d 1474
 YUKIYO, LTD, Plaintiff-Appellant,
v.
Shiro WATANABE, d/b/a Biodent Ceramics, X-L Dental Corp,
Elayan Dental Labs, Santa Clara Dental Lab, Weil
Dental Ceramic Studio, Sierra Dental
Lab, Inc. and Zecchin
Laboratories,
Defendants-
Appellees.
 No. 97-1115.
 United States Court of Appeals,
Federal Circuit.
 April 15, 1997.
 
 Jack L. Slobodin, Fish & Richardson, Menlo Park, CA, filed plaintiff-appellant's Response to Motion to Strike CD-ROM. Of counsel were Wayne P. Sobon, of Menlo Park, CA, Francis X. Gindhart, Washington, DC, and Robert E. Hillman, of Boston, MA.
 John P. Sutton, Bryan Hinshaw Cohen & Barnet, San Francisco, CA, filed the Motion to Strike CD-ROM for defendants-appellees and a Motion for Leave to File Supplemental Appendix, and Partial Withdrawal of Motion to Strike CD-ROM.
 ORDER
 ARCHER, Chief Judge.
 
 
 1
 Shiro Watanabe, d/b/a Biodent Ceramics, X-L Dental Corp., Elayan Dental Labs, Santa Clara Dental Lab, Weil Dental Ceramics Studio, Sierra Dental Labs, Inc., and Zecchin Laboratories (collectively Watanabe) move to strike the compact disk-read only memory (CD-ROM) counterpart brief that Yukiyo Ltd. submitted when it filed its opening brief. Yukiyo opposes.
 
 BACKGROUND
 
 2
 In conjunction with the filing of the paper version of its opening brief in this patent infringement case, Yukiyo submitted a single copy of its CD-ROM counterpart brief to the court and served a copy of the disk on Watanabe. Yukiyo later submitted eleven additional copies to the court. Although we are aware that such CD-ROM briefs have been lodged in the United States Supreme Court on two occasions, this is the first time a party has submitted such a brief to this court. We are not aware that any other United States Court of Appeals has received or filed such a brief. Further, no rules have been adopted by this court or any other court concerning the filing of a CD-ROM brief.
 
 
 3
 The CD-ROM brief filed in this case contains an electronic copy of Yukiyo's paper brief that, like the paper brief, includes citations to relevant law and matters contained in the record. Viewed page for page, the CD-ROM brief mirrors the paper filing. In addition to the conventional citations contained in both types of briefs, the CD-ROM brief also includes hyperlinks within the text of the brief that connect to hypertext, i.e., to the text of the items that are referenced. The hypertext consists of published cases, statutes, rules, and items that are normally contained in the joint appendix, such as trial transcripts, district court orders, and jury instructions. A videotape that was in evidence in the district court is also included in the hypertext. Before including the published cases in the CD-ROM brief, Yukiyo states that it obtained a license from West Publishing Company that covers any material the West version of the cases may contain that may be subject to copyright protection. According to Yukiyo, the license it obtained extends to Watanabe and the court.
 
 
 4
 Every copy of the CD-ROM Yukiyo submitted contains specifications for the computer hardware needed to view the material on the disk, instructions for installing certain World Wide Web browsers, and instructions for viewing the CD-ROM brief. By positioning the pointer with the use of the mouse and clicking on a hypertext citation, the reader is able to access the hypertext. In order to view hypertext, the reader's computer must be equipped with a Web browser. Additionally, in order to hear the audio portion of the videotape, the reader's computer must contain an audio card. Such software is now widely available.
 
 
 5
 One of the principal benefits of Yukiyo's CD-ROM brief is that it allows the reader to view the text of the brief and the hypertext almost simultaneously, obviating the need for the reader to refer to the paper brief and appendix or to engage in viewing videotapes through the usual means. The reader is able to print certain hypertext documents, in whole or in part, as he or she views the brief. Hypertext that was reproduced through imaging, however, cannot be readily printed from the CD-ROM. The CD-ROM brief thus comprises a hypertext-linked document that includes an electronic copy of Yukiyo's paper brief as well as all of the relevant record evidence and legal authority cited in Yukiyo's brief.
 
 DISCUSSION
 
 6
 Watanabe moves to strike the CD-ROM brief, arguing that he has been prejudiced by Yukiyo's submission. Watanabe contends that the filing of the CD-ROM brief places him at a disadvantage because his counsel had to contact an attorney in another law firm in order to view the CD-ROM brief. Watanabe's counsel states that he does not have the necessary computer equipment at his disposal to view the brief. Watanabe also contends that the filing of the CD-ROM brief is improper because it contains complete copies of trial transcripts and a video of an entire deposition, while the paper appendix that will be filed will only include extracts of trial and deposition transcripts. See Fed.Cir.R. 30, 32.
 
 I.
 
 7
 Just last year, the Federal Rules of Appellate Procedure were amended to permit electronic filing in appellate courts. See Fed.R.App.P. 25.* Electronic filing includes several means of delivery, including delivery via a network (the Internet), through an electronic mail system, and by filing a computer disk. The Judicial Conference of the United States recently published proposed technical standards and guidelines for electronic filing in United States courts. The proposed standards, however, do not specifically address the filing of a CD-ROM brief, and this court has not adopted rules with regard to any form of electronic filing.
 
 
 8
 In the absence of any local rule governing the filing of a CD-ROM counterpart brief, the court concludes that leave to file should be sought before submitting a CD-ROM brief. See Fed.Cir.R. 32 (governs the form of a brief filed in this court; permits the clerk of the court to reject a nonconforming brief). In this court, a paper brief is the only form of submission that is provided for in the rules. Thus, Yukiyo should have filed a motion for leave to file a CD-ROM counterpart brief concurrently with the submission of the CD-ROM.
 
 
 9
 Yukiyo's submission presents another concern. Yukiyo failed to seek Watanabe's consent before submitting the CD-ROM brief. Watanabe's counsel states that he does not have the computer equipment needed to view the CD-ROM brief, and counsel went to additional expense to view the CD-ROM brief in order to determine its contents. Watanabe must be able to view all filings in the case, and Yukiyo should have inquired of Watanabe whether his counsel had the capability to view the CD-ROM brief. In sum, because Yukiyo failed to seek the leave of this court and the consent of Watanabe to file the CD-ROM brief, and because the filing of that brief prejudices Watanabe, the motion to strike is granted.
 
 II.
 
 10
 Two other matters must be mentioned. First, Watanabe objects to the filing on the basis that the hypertext contains complete trial transcripts and a videotape of an entire deposition. Fed.Cir.R. 30(b) provides that pages of designated material not referenced in a brief must be omitted from the paper appendix. The object of this rule is to reduce the size of the paper appendix and not to burden the court with information that is unnecessary for the resolution of the appeal. In some circumstances, however, there may be a benefit to having a transcript in its entirety in a CD-ROM counterpart brief. Indeed, some of the virtues of a CD-ROM are that the CD-ROM takes up far less physical space than a paper brief and appendix and the information contained on the CD-ROM is readily accessible. Thus, it may be appropriate for a CD-ROM brief to include materials such as a complete transcript given these capabilities. Further, if a videotaped deposition is included in the hypertext, another consideration might be whether a video cassette of the entire deposition or extracts thereof, as appropriate, should also be filed with the appendix along with a transcript. Although Watanabe has raised these issues, the court need not decide them in the context of this order at this time.
 
 
 11
 Second, the CD-ROM filing, unlike the paper filing, may not always be static. For example, the court questions whether it is appropriate for a hyperlink in a CD-ROM brief to be accessible to a matter outside the record, such as a Web site. Again, the court need not decide the issue in this order.
 
 III.
 
 12
 In order to guide a future CD-ROM filing, until such time as the court promulgates rules governing such a filing, the court sets forth the following general guidelines. As discussed above, a party wishing to file a CD-ROM counterpart brief must seek consent of the other parties before submitting a CD-ROM brief to this court. See Fed.Cir.R. 27(a)(5). Consent of the other parties will be a substantial factor in considering whether to grant leave. On the other hand, prejudice to another party could be an important factor in denying leave. Additionally, a party must seek leave of the court to file a CD-ROM brief and must provide information both to this court and to the other parties about the computer equipment needed to view the CD-ROM brief. This information is necessary so that an assessment can be made about the compatibility of the brief with the readers' computer equipment. Finally, the filing party must submit a motion for leave at the same time or before it submits twelve copies of the CDROM brief. Each motion for leave will be considered on a case-by-case basis.
 
 
 13
 Although there is much to commend the filing of a CD-ROM brief, it bears emphasizing that the paper brief and appendix continue to be the only required filings. By no means, however, does the court intend to discourage the filing of CD-ROM briefs under appropriate rules and standards. Accordingly, the court calls on the court's Advisory Committee on Appellate Rules, the Federal Circuit Bar Association, and other interested members of the bar of this court to propose suggested rules, standards and guidelines for the filing of CD-ROM briefs for the court's consideration. In that connection, we point out that the list of factors to be considered as discussed in this order is neither dispositive nor exhaustive.
 
 
 14
 Having considered the submissions of the parties,
 
 IT IS ORDERED THAT:
 
 15
 Watanabe's motion to strike is granted.
 
 
 
 *
 Rule 25(a)(2)(D) provides:
 Electronic filing. A court of appeals may by local rule permit papers to be filed, signed, or verified by electronic means that are consistent with technical standards, if any, that the Judicial Conference of the United States establishes. A paper filed by electronic means in compliance with a local rule constitutes a written paper for the purpose of applying these rules.