FIFTH DIVISION
FEBRUARY 26, 2010

No. 1-09-2093

| | | |
|---|---|---|
| GREGORY RUFF, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 L 51292 |
| | ) | |
| SPLICE, INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | Honorable |
| | ) | Alexander P. White, |
| | ) | Judge Presiding. |

JUSTICE LAVIN delivered the opinion of the court:

In this case, we are asked to reinstate a default judgment arising out of an employment contract that took a serpentine path from a California Labor Commissioner to the superior court of California to the clerk of the circuit court of Cook County, only to be vacated by a trial judge who determined that the California court lacked subject matter jurisdiction because the contract in question contained an arbitration clause. We affirm the decision of the trial court.

BACKGROUND

On April 2, 2007, Gregory Ruff and Splice, Inc. (Splice) entered into an employment contract under which Ruff was to become the chief executive officer (CEO) of the corporation for a period of two years, followed by successive one-year terms, for an agreed-upon salary and benefit package. This arm's-length agreement contained numerous provisions, the last of which was a relatively commonplace contractual provision establishing that any disputes that might arise would be handled in arbitration:

"Any dispute arising out of this Agreement shall be determined by arbitration in San Francisco, California under the rules of the American Arbitration Association then in effect and judgment upon any award pursuant to such arbitration may be enforced in any court having jurisdiction thereof, provided each of the parties to this Agreement will appoint one person as an arbitrator to hear and determine the dispute, and if the parties are unable to agree on a third arbitrator, then the two arbitrator so chosen will select a third impartial arbitrator and the decision of such arbitration panel will be final and conclusive upon the parties to this Agreement."

The agreement also contained a choice of law provision in paragraph 15(c), which provided:

"This agreement shall be governed by and construed in accordance with the laws of the State of Illinois."

Inevitably, disputes between the parties did arise and just three months later, Ruff resigned from his position with Splice. After leaving his position as CEO, Ruff claimed that Splice owed him approximately $160,000 in unpaid wages, vacation pay, reimbursable expenses, and severance pay. Splice took a decidedly different view of the events that led to Ruff's departure and advised Ruff that no compensation would be forthcoming due to his alleged mismanagement of the company during his brief tenure at the helm.

On November 9, 2007, Ruff filed a claim with the Labor Commissioner of the State of California (a remedy nowhere mentioned in his employment contract) seeking the payments from Splice he alleged were owed to him. A hearing was conducted by the Commissioner regarding the claim, but Splice apparently decided not to participate. The Commissioner awarded Ruff his

2

requested damages of $185,519.49 and a default judgment on the award was subsequently entered in that amount by the clerk of the California superior court for San Francisco County. Ruff then registered the California judgment in the circuit court of Cook County in Illinois, in order to attempt to enforce the foreign judgment against the Illinois corporation. Splice filed a motion to dismiss and set aside the judgment, arguing, *inter alia*, that the arbitration clause in the contract removed any subject matter jurisdiction from the Commissioner. Ruff, predictably enough, took a different view and argued that the arbitration clause did not remove the California courts or Commissioner from jurisdiction over the dispute. After a hearing on the motion, the circuit court granted Splice's motion and set aside the California judgment for want of proper jurisdiction. Ruff timely appeals.

ANALYSIS

Ruff contends that the California superior court possessed subject matter jurisdiction despite the Agreement's arbitration clause and that Splice waived whatever rights it had under the arbitration clause by failing to appear in any of the California proceedings.

Section 2 of the Federal Arbitration Act provides that a written arbitration agreement contained within a commercial contract "shall be valid, irrevocable, and enforceable." 9 U.S.C. §2 (2006). The United States Constitution provides that the judgments of one state's court are entitled to full faith and credit in every other state. U.S. Const., art. IV, §1. That full faith and credit clause was implemented by Illinois through The Uniform Enforcement of Judgments Act (Act), which provides:

> "A copy of any foreign judgment authenticated in accordance with the acts of

Congress or the statutes of this State may be filed in the office of the circuit clerk for any county of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court for any county of this State." 735 ILCS 5/12-652(a) (West 2008).

Despite this respect given to foreign judgments, Illinois courts recognize that a collateral attack on a foreign judgment may be sustained in limited situations, including where the rendering court lacked subject matter jurisdiction of the case or personal jurisdiction over the defending party. Doctor's Associates, Inc. v. Duree, 319 Ill. App. 3d 1032, 1040 (2001). Because the trial court's ruling was a matter of law, the standard of review for this issue is *de novo*. McRaith v. BDO Seidman, LLP, 391 Ill. App. 3d 565, 587 (2009).

Although the Illinois courts have not yet addressed the specific issue raised by Ruff, the United States Supreme Court case of Preston v. Ferrer,552 U.S. 346, 169 L. Ed. 2d 917, 128 S. Ct. 978 (2008), is instructive. In Preston, the plaintiff sought to recover fees allegedly owed to him pursuant to a contract for services with the defendant. The contract contained an arbitration clause, similar to the arbitration clause in the instant case, requiring the parties to arbitrate any disputes relating to the contract. The plaintiff attempted to initiate arbitration proceedings but the defendant filed a complaint with the Labor Commissioner of the State of California. The question of jurisdiction was brought before the California superior court, which denied the plaintiff's motion to compel arbitration and enjoined the plaintiff from proceeding before an arbitrator. The California Court of Appeal affirmed the lower court's order, stating that California law vested the Commissioner with "exclusive original jurisdiction." Preston, 552 U.S. at 351, 169 L. Ed. 2d at

4

924, 128 S. Ct. at 982, quoting Ferrer v. Preston, 145 Cal. App. 4th 440, 447, 51 Cal. Rptr. 3d 628, 634 (2006). The United States Supreme Court reversed, stating that national policy favoring arbitration of disputes "foreclose[s] state legislative attempts to undercut the enforceability of arbitration agreements." Preston, 552 U.S. at 353, 169 L. Ed. 2d at 925, 128 S. Ct. at 983, quoting Southland Corp. v. Keating, 465 U.S. 1, 16, 79 L. Ed. 2d 1, 15, 104 S. Ct. 852, 861 (1984). The Supreme Court further held that when parties agree to arbitrate any dispute arising under a contract, the Federal Arbitration Act "supersedes state laws lodging primary jurisdiction in another forum, whether judicial or administrative." Preston, 552 U.S. at 360, 169 L. Ed. 2d at 929, 128 S. Ct. at 987.

California, in fact, had recognized this principle even prior to the holding in Preston. In Baker v. Aubry, 216 Cal. App. 3d 1259, 265 Cal. Rptr. 381 (1990), the plaintiff filed a complaint with the Commissioner seeking overtime pay from an employer. The Baker court held that, in the context of a binding arbitration agreement, questions concerning the construction and scope of the arbitration clause are determined by federal law. Baker, 216 Cal. App. 3d at 1263, 265 Cal. Rptr. at 383. Baker also acknowledged that the Federal Arbitration Act served to effectuate the national policy of favoring arbitration by withdrawing the power of the states to require a judicial forum for the resolution of claims which parties agreed to resolve through arbitration. Baker, 216 Cal. App. 3d at 1265. The Commissioner ultimately dismissed the plaintiff's complaint upon finding that the matter was subject to a written arbitration agreement.

In the instant case, the Commissioner rendered a judgment pursuant to state laws that allegedly vested it with jurisdiction, but the holding in Preston makes it clear that the Federal

Arbitration Act preempts California state law vesting jurisdiction in the Commissioner rather than an arbitration proceeding, conducted under the rules of the American Arbitration Association, as provided in this contract. As a result, the Commissioner lacked jurisdiction to enter the judgment that Ruff sought to enforce in Illinois.

Ruff attempts to distinguish Preston by arguing that, unlike Splice, the plaintiff in Preston chose to appear before the Commissioner and the California superior court, essentially contending that Splice somehow waived its rights under the arbitration clause by failing to appear in the California proceedings. This argument is both unpersuasive and devoid of binding authority. Nothing in Preston suggests that its holdings were limited to situations where both parties appeared before the forum that lacked jurisdiction. Such a limitation would serve no purpose and would only result in increased expense on the parties and unnecessary strain on the judicial system. Simply put, we see no reason why Splice should have been required to engage in litigation in a forum that lacked jurisdiction.

Splice's decision not to participate in the California proceedings was both eminently sensible and consistent with its contractual right to arbitration. Furthermore, despite any intimation to the contrary, subject matter jurisdiction cannot be conferred by waiver, stipulation, consent or estoppel. Jones v. Industrial Comm'n, 335 Ill. App. 3d 340, 343 (2002). Subject matter jurisdiction can be raised at any time and may even be raised *sua sponte* by a reviewing court. Jones, 335 Ill. App. 3d at 343.

Furthermore, Illinois courts are properly reluctant to find waiver in this context. TSP-Hope, Inc. v. Home Innovators of Illinois, LLC, 382 Ill. App. 3d 1171, 1174 (2008). The

primary inquiry in determining whether waiver has occurred is if a party has acted inconsistently with its right to arbitrate, such as submitting arbitrable issues to a court for decision. TSP-Hope, Inc., 382 Ill. App. 3d at 1174.

Ruff's final argument that California law holds "an arbitration provision does not oust the court of jurisdiction to hear the matter, but merely means if one party chooses to arbitrate, a petition may be filed to stay proceedings, order arbitration and then confirm the award" is similarly unpersuasive. See Dial 800 v. Fesbinder, 118 Cal. App. 4th 32, 44-46, 12 Cal. Rptr. 3d 711, 719-20 (2004). Ruff fails to recognize that it is not the agreement's arbitration clause that ousted the Commissioner's jurisdiction, but instead section 2 of the Federal Arbitration Act as discussed in Preston and Baker. Furthermore, Dial 800 predates Preston by approximately four years. Finally, it is worth noting that Dial 800 is a California case and that the agreement between Ruff and Splice explicitly provided that it would be governed and construed by Illinois law. Accordingly, we find that the circuit court did not err here.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Affirmed.

TOOMIN, P.J., and FITZGERALD SMITH, J.,, concur.

REPORTER OF DECISIONS – ILLINOIS APPELLATE COURT
(Front Sheet to be Attached to Each Case)

| | |
|---|---|
| Please Use Following Form:<br><br>Complete TITLE of Case | GREGORY RUFF,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>SPLICE, INC.,<br><br>        Defendant-Appellee. |
| Docket No.<br><br>COURT<br><br><br>Opinion Filed | No. 1-09-2093<br>Appellate Court of Illinois<br>First District, FIFTH Division<br><br>February 26, 2010<br>(Give month, day and year) |
| JUSTICES | JUSTICE LAVIN delivered the opinion of the court:<br><br>Toomin, PJ. and Fitzgerald Smith, J.       concur [s]<br><br>                dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Law Div. | Lower Court and Trial Judge(s) in form indicated in the margin:<br><br>The Honorable Alexander P. White,   Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago.<br><br>For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel)<br><br>Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented.<br><br>Attorney for Plaintiff-**Appellant**:  Beau T. Greiman<br>Gregory Ruff        The Law Offices of Beau T. Greiman, P.C.<br>            24115 W. 103rd St., Suite B<br>            Naperville, IL 60564<br>            Phone: 630-369-9901<br><br>Attorneys for Defendant-**Appellee:** Eric D. Stubenvoll, Joseph R. Dietz<br>Splice, Inc.         Fisher Kanaris, P.C.<br>            200 South Wacker Drive, 22nd Floor<br>            Chicago, IL 60606<br>            Phone: 312-474-1400 |