# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *In re Estate of C.B.*, 2013 IL App (3d) 130268

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF C.B., a Minor (Richard B., Petitioner-Appellee, v. Eran Ajradinoski, Respondent-Appellant). |
| District & No. | Third District<br>Docket No. 3-13-0268 |
| Filed | September 3, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from an order temporarily granting petitioner guardianship of his minor half-brother, following the death of the minor's mother, and the finding that the minor's father was unable to make day-to-day decisions for the minor, the appeal was dismissed on the ground that the order was interlocutory and not appealable under Supreme Court Rule 304(b)(1), since the order did not make a final ruling on the guardianship petition. |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 13-P-224; the Hon. J. Jeffery Allen, Judge, presiding. |
| Judgment | Appeal dismissed. |

Counsel on Appeal

Richard Broderick, of Wilmette, for appellant.

Paul T. Napolski, of Lisle, for appellee.

Jennifer Lynch, of June, Prodehl, Renzi & Lynch, LLC, of Joliet, guardian *ad litem*.

Panel

JUSTICE LYTTON delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1     Respondent, Eran Ajradinoski, appeals from a temporary order of the circuit court granting guardianship to petitioner, Richard B., pending a full hearing on the matter. We find that the trial court's order preserving the status of the minor pending a full hearing on the matter was not a final determination of respondent's rights appealable under Illinois Supreme Court Rule 304(b)(1) (eff. Jan. 1, 2006). We therefore dismiss the appeal.

¶ 2     Respondent is the biological father of C.B. C.B.'s mother, Patricia B., and respondent had a brief relationship in 1998 but did not marry. In 1999, the trial court entered a paternity order and awarded custody of C.B. to Patricia B. Shortly thereafter, respondent moved to Indiana. In September of 2012, Patricia B. enrolled C.B. in the Montcalm School for Girls and Boys, a therapeutic facility in Albion, Michigan. The program offers 24-hour services and tuition is paid for by the Wilmington School District.

¶ 3     On March 15, 2013, Patricia B. died due to liver cancer complications. On April 1, 2013, Richard B., C.B.'s half brother, filed a petition for guardianship. The petition named respondent as C.B.'s father and provided an address of 303 W. Main Street, Washington, Indiana. On April 9, 2013, counsel for respondent filed an appearance on his behalf. The trial court appointed attorney Jennifer Lynch as guardian *ad litem* for C.B. and set the matter for hearing. On April 19, the parties appeared before the court and discussed the circumstances of the case, particularly with respect to custody and jurisdiction. The trial court expressed concern that it was going to take some time to resolve those issues. The court stated, "while this is going on *** I want to be sure that this child's welfare and status quo isn't disturbed while we go through this process." The attorney for the school district then informed the court that the district's responsibility for C.B.'s ongoing educational program was contingent upon the residency of the legal guardian, not the student. The parties indicated that they understood the guardianship proceedings had been initiated to address that issue.

¶ 4     Following the hearing on April 19, the court entered the following order:

"The court being fully advised in the premises, and over the objection of natural father, Eran Ajradinoski, finds that the minor's mother is deceased and that the father is willing but unable to make day-to-day decisions for the minor child based upon initial investigation of the guardian *ad litem*, it is hereby ordered as follows:

(A) Richard [B.] is appointed guardian of the person of the minor child, [C.B.] (dob 11/21/98) without prejudice;

(B) All parties are granted access to the minor's school records, subject to objection of the minor;

(C) This matter is set for hearing on standing and jurisdiction of continuation of guardianship on May 14, 2013[,] at 1:30 p.m.[;]

(D) Father is granted his leave to file a Motion to Dismiss within 10 days. Responses due within 14 days thereafter."

¶ 5 Before addressing the merits of an appeal, we have an obligation to determine whether we have jurisdiction, even if the issue is not raised by the parties. *Ruff v. Splice, Inc.*, 398 Ill. App. 3d 431 (2010). The jurisdiction of the appellate court is limited to the review of appeals from final judgments, subject to certain statutory or supreme court exceptions. *In re Marriage of Verdung*, 126 Ill. 2d 542 (1989).

¶ 6 In respondent's jurisdictional statement, he contends that we have jurisdiction to hear his interlocutory appeal pursuant to Illinois Supreme Court Rule 304(b)(1) (eff. Jan. 1, 2006). Rule 304(b)(1) provides that "[a] judgment or order entered in the administration of an estate, guardianship, or similar proceeding which finally determines the rights or status of a party" is appealable without necessity of a special finding by the trial court to permit an interlocutory appeal. Ill. S. Ct. R. 304(b)(1) (eff. Jan. 1, 2006). Here, the trial court's order preserved the status quo of the parties pending a final guardianship decision. The court specifically held that the matter was continued to determine the issues of standing and jurisdiction and gave respondent leave to file additional pleadings. It did not finally determine the respondent's rights or status as a party in the proceedings.

¶ 7 We note that in *In re Estate of H.B.*, 2012 IL App (3d) 120475, ¶ 30, our court held that there are no explicit provisions in the Probate Act of 1975 (755 ILCS 5/1-1 *et seq.* (West 2010)) providing for an "emergency" or "temporary" guardianship. While we agree that the trial court must make certain threshold determinations before awarding permanent guardianship, we do not believe the order entered in this case violated that principle. Unlike the final determination on review in *H.B.*, the order in this case was not a final ruling on the merits of the guardianship petition.

¶ 8 Under the circumstances, we hold that the trial court's ruling was an interlocutory order not appealable under Rule 304(b)(1). We must therefore dismiss the appeal and return the matter to the circuit court.

¶ 9 Appeal dismissed.