**Diahann GRASTY, Plaintiff–Appellant,**

v.

**COLORADO TECHNICAL UNIVERSITY, Defendant–Appellee.**

No. 14–2880.

United States Court of Appeals, Seventh Circuit.

Submitted April 7, 2015.\*

Decided April 8, 2015.

Rehearing and Rehearing En Banc Denied May 12, 2015.

Diahann Grasty, Chicago, IL, pro se.

Lisa Anne McGarrity, Franczek Radelet P.C., Chicago, IL, for Defendant-Appellee.

Before FRANK H. EASTERBROOK, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge, DAVID F. HAMILTON, Circuit Judge.

**ORDER**

Diahann Grasty, an Illinois resident and former student of Colorado Technical University, appeals the district court's order compelling arbitration and dismissing her race-discrimination suit against the school. Because we agree with the district court that an arbitration agreement between Grasty and the university precludes Grasty from litigating her claim in federal court, we affirm the judgment.

We review *de novo* the district court's order compelling arbitration. See *Druco Rests. v. Steak n Shake Enters.*, 765 F.3d 776, 779–80 (7th Cir.2014). Grasty registered to study computer science at Colorado Technical University by executing an enrollment agreement that includes an arbitration clause. As we understand her complaint, Grasty initially registered for two courses—one worth three credits and the other five credits—that were scheduled to begin in January 2013. An administrator informed Grasty that she would be eligible for financial aid even if she dropped the five-credit course, which she did. An academic advisor then told Grasty, however, that with only three credits she no longer was eligible for financial aid. When Grasty questioned this turnabout, she says, the advisor called her a "black bitch." A vice provost later apologized for the mix-up and offered Grasty the options of taking the three-credit course for free, dropping it without academic penalty, replacing it with a five-credit course, or adding another course to be eligible for aid once again. None of these options satisfied Grasty; she explains that she wanted financial assistance from Colorado Technical University, not to

---

\* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2)(C).

pay for coursework there, but to pay off a $1,260 debt to a different college.

Grasty then brought this suit under Title VI of the Civil Rights Act of 1964, see 42 U.S.C. §§ 2000d to 2000d–7, claiming that the university had refused to give her financial aid because she is black. She seeks $3 million in damages. The university, citing Federal Rule of Civil Procedure 12(b)(1), moved to compel arbitration and dismiss the suit on the ground that the enrollment agreement's arbitration clause divests the district court of subject-matter jurisdiction. The arbitration clause, which the university appended to its motion, provides in relevant part:

> Any disputes, claims, or controversies between the parties to this Enrollment Agreement arising out of or relating to (i) this Enrollment Agreement; (ii) the Student's recruitment, enrollment, attendance, or education; (iii) financial aid or career service assistance by CTU; (iv) any claim, no matter how described, pleaded or styled, relating, in any manner, to any act or omission regarding the Student's relationship with CTU, its employees, or with externship sites or their employees; or (v) any objection to arbitrability or the existence, scope, validity, construction, or enforceability of this Arbitration Agreement shall be resolved pursuant to this paragraph (the "Arbitration Agreement").

Moreover, the university added, the enrollment agreement did not include a promise or guarantee of financial aid. Grasty countered that the arbitration clause is not binding because, she said, the parties did not enter a valid contract under Illinois law (which, both sides agreed, applies). According to Grasty, her arrangement with the university lacked consideration because she had offered to enroll on the understanding that she could take a three-credit course and receive financial aid,

which the university failed to provide. Alternatively, Grasty argued, the university had anticipatorily breached any contract by notifying her of its intent not to provide financial aid.

In granting the university's motion, the district court first concluded that the enrollment agreement—which Grasty did not dispute executing—is a valid contract. The enrollment agreement is supported by consideration, the court reasoned, because the university had promised educational services to Grasty in exchange for payment. The district court then concluded that Grasty's discrimination claim falls within the scope of the agreement's broad arbitration clause. On that basis the court ruled that it lacked subject-matter jurisdiction.

As a preliminary matter, an agreement to arbitrate does not affect a district court's subject-matter jurisdiction. An arbitration clause is a type of forum-selection clause. *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 844 (7th Cir.2009). Motions to compel arbitration thus concern venue and are brought properly under Federal Rule of Civil Procedure 12(b)(3), not Rule 12(b)(1). *Jackson v. Payday Fin., LLC*, 764 F.3d 765, 773 (7th Cir.2014). But this misunderstanding did not affect the outcome, since under Rule 12(b)(3) the district court still was free to consider the materials submitted with the university's motion, including the arbitration clause. See *Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809–10 (7th Cir.2011); *Bailey v. ERG Enters., LP*, 705 F.3d 1311, 1314 n. 1 (11th Cir.2013); *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir.2012).

On the merits, Grasty makes in this court a number of new factual assertions

and legal arguments, including that she never executed the enrollment agreement and that her discrimination claim falls outside the scope of the arbitration clause. But Grasty conceded, both in her complaint and in her response to the university's motion to dismiss, that she had executed the agreement, and she is bound by that concession. See *Amgen Inc. v. Conn. Ret. Plans & Trust Funds,* —— U.S. ——, 133 S.Ct. 1184, 1197 n. 6, 185 L.Ed.2d 308 (2013); *Consolidation Coal Co. v. Dir., Office of Workers' Comp. Programs,* 732 F.3d 723, 730 (7th Cir.2013). Furthermore, we must enforce the parties' agreement to arbitrate "gateway" questions about arbitrability of claims and the scope of the arbitration agreement. See *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 130 S.Ct. 2772, 2777, 177 L.Ed.2d 403 (2010). And there is no prohibition on arbitrating federal discrimination claims. See *Circuit City Stores, Inc. v. Adams,* 532 U.S. 105, 123, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). In any case, Grasty has waived contentions that she did not make in the district court. *See O'Gorman v. City of Chicago,* 777 F.3d 885, 890 (7th Cir.2015); *Auto. Mechs. Local 701 Welfare & Pension Funds v. Vanguard Car Rental USA, Inc.,* 502 F.3d 740, 747 (7th Cir. 2007).

Grasty also maintains that the enrollment agreement lacked consideration because she never received financial aid. But Grasty misunderstands the parties' agreement. The university promised to provide educational services in exchange for her promise of payment, and such an agreement is supported by valid consideration. See *Steinberg v. Chi. Med. Sch.,* 69 Ill.2d 320, 13 Ill.Dec. 699, 371 N.E.2d 634, 639 (1977) ("Any act or promise which is of benefit to one party or disadvantage to the other is a sufficient consideration to support a contract."); see also *Boomer v. AT & T Corp.,* 309 F.3d 404, 416 (7th Cir.2002) (valid consideration where company promised to continue telephone services in exchange for customer's promise to arbitrate disagreements); *Carter v. SSC Odin Operating Co.,* 364 Ill.Dec. 66, 976 N.E.2d 344, 352–53 (2012) (valid consideration where one party promises to arbitrate disagreements in exchange for other party's promise to pay arbitrators' and attorneys' fees); *Johnson v. Lincoln Christian Coll.,* 150 Ill.App.3d 733, 103 Ill.Dec. 842, 501 N.E.2d 1380, 1384 (1986) (explaining that contract is implied when student pays tuition and completes coursework in exchange for university's facilities, instruction, and diploma).

We have considered Grasty's remaining contentions, and none has merit.

AFFIRMED.