Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/26/2018 09:14 AM CDT

Scott T. Boyd, M.D., appellant, and
Great Plains Diagnostics, LLC, appellee,
v. John Cook, M.D., et al., appellees.
___ N.W.2d ___

Filed February 2, 2018.    No. S-17-177.

1. **Jurisdiction: Appeal and Error.** When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's.

2. **Actions: Arbitration and Award: Appeal and Error.** While a court's decision to issue a stay in an action is generally reviewed under an abuse of discretion standard of review, the decision whether to stay proceedings and compel arbitration is a question of law that an appellate court reviews de novo.

3. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

4. **Jurisdiction: Legislature: Appeal and Error.** In order for an appellate court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature.

5. **Judgments: Final Orders: Words and Phrases.** A final judgment is one that disposes of the case either by dismissing it before hearing is had upon the merits, or after trial by rendition of judgment for the plaintiff or defendant.

6. **Judgments: Words and Phrases.** Every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.

7. **Final Orders: Appeal and Error.** The only three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.

8. **Final Orders.** Under Neb. Rev. Stat. § 25-1315 (Reissue 2016), an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final and is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

9. **Dismissal and Nonsuit: Final Orders.** Generally, an order of dismissal is a final, appealable order.

10. **Actions: Appeal and Error.** An order issuing a stay within an action is generally not appealable.

11. **Actions: Dismissal and Nonsuit: Final Orders.** A stay that is tantamount to a dismissal of an action or has the effect of a permanent denial of the requested relief is a final order.

12. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

13. **Jurisdiction.** Parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.

14. ____. A lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.

15. ____. Just as parties may not confer subject matter jurisdiction on a court by consent, neither may parties deprive a court of subject matter jurisdiction by their own agreement.

16. **Arbitration and Award: Contracts: Venue.** Arbitration provisions are properly understood as contractual agreements between parties to resolve their disputes in an arbitral venue.

17. **Arbitration and Award: Contracts: Parties.** A contractual arbitration provision creates a contractual right which may be enforced only by a party to the contract.

18. **Arbitration and Award: Contracts: Waiver.** Like other contractual rights, an agreement to arbitrate can be waived by the parties.

19. **Arbitration and Award: Contracts.** Arbitration provisions are not self-executing.

Appeal from the District Court for Douglas County: Shelly R. Stratman, Judge. Reversed and remanded for further proceedings.

Steven A. Klenda and Geoffrey N. Blue, of Klenda, Gessler & Blue, L.L.C., and Robert W. Futhey and Mark Laughlin, of

Fraser Stryker, P.C., L.L.O., for appellant and appellee Great Plains Diagnostics, LLC.

James J. Frost, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and Funke, JJ.

Cassel, J.

## I. INTRODUCTION

Nearly 3 years into litigation between two doctors and various associated business entities, the district court determined that because of arbitration and venue provisions in an employment contract, it lacked jurisdiction. The court indefinitely stayed a claim for dissolution of one entity and dismissed all other claims. This appeal followed. Because the arbitration provision, which neither party sought to enforce, did not deprive the court of jurisdiction, we reverse, and remand for further proceedings.

## II. BACKGROUND

John Cook, M.D., owned Midwest Pain Clinic, P.C. (Midwest Pain). In early 2012, Midwest Pain employed Scott T. Boyd, M.D., as an anesthesiologist. Midwest Pain and Boyd detailed the terms of Boyd's employment in a written contract.

The employment contract contained a jurisdiction and venue provision: "Except as set forth in [an arbitration provision], the [c]ourt located in Union County, South Dakota, shall have jurisdiction and be the venue of all disputes between [Midwest Pain] and [Boyd], whether such disputes arise from this [a]greement or otherwise." And it contained an arbitration provision stating that "any dispute or controversy arising out of the interpretation or operation" of the contract "shall be resolved by arbitration" as set forth in the agreement.

Based on Boyd's experience operating a urinalysis laboratory, Boyd, Cook, and Cook's son, Jacob Cook (Jacob), formed Great Plains Diagnostics, LLC (Great Plains), in early 2013.

Great Plains was a urinalysis laboratory that operated in a building owned by an associated entity and in which Midwest Pain and another associated entity also operated. Boyd was the majority owner and manager of Great Plains, while Jacob was its executive director. Jacob was also the office manager of Midwest Pain.

Disputes arose regarding access to documents and billing data, billing procedures, and billing codes assigned to services provided. In October 2013, Jacob resigned his positions at both Midwest Pain and Great Plains to take another job out of state. That same month, offers regarding a partnership and a draft separation agreement were refused.

Things apparently came to a head in early January 2014. On January 10, Boyd's employment with Midwest Pain was terminated and he was locked out of Great Plains' offices.

In April 2014, Cook and Jacob sued to dissolve Great Plains. They sought dissolution, the appointment of a receiver to wind up Great Plains' business, and an order enjoining Boyd from disposing of any of Great Plains' assets.

Additional claims, styled as counterclaims, followed. Boyd and Great Plains eventually asserted 10 different claims against Cook, Jacob, Midwest Pain, and other associated entities. Midwest Pain asserted a counterclaim against Boyd, and it made a separate counterclaim with another entity against Great Plains.

Cook, Jacob, Midwest Pain, and two other entities moved for summary judgment on 7 of the 10 claims made by Boyd and Great Plains, which motion, in February 2016, the district court overruled in part and sustained in part. The court granted summary judgment on four of the claims by Boyd and Great Plains and on two other claims as to Boyd, but not as to Great Plains. And the court denied summary judgment on one of the claims.

In January 2017, the district court dismissed sua sponte all of the claims in the case other than the dissolution proceeding as to Great Plains. The court noted that Boyd's employment

contract with Midwest Pain contained an arbitration provision and a provision that jurisdiction and venue for all disputes between Boyd and Midwest Pain are proper in Union County, South Dakota. The court concluded that it lacked jurisdiction over the causes of action in the case, excluding the Great Plains dissolution proceeding, and dismissed those claims. It stayed the dissolution proceeding pending the outcome of arbitration. Boyd moved the court to reconsider its dismissal, which motion the court overruled.

Boyd appealed the district court's order of dismissal and its prior order sustaining in part the motion for summary judgment. We moved the appeal to our docket.

## III. ASSIGNMENTS OF ERROR

Boyd's assignments of error, restated, are that the district court erred by (1) dismissing the case for lack of jurisdiction, (2) granting summary judgment on his claim under the Nebraska Wage Payment and Collection Act, and (3) granting summary judgment on his fraudulent inducement claim. Cook and others take no position on the district court's sua sponte dismissal, but argue that this court lacks appellate jurisdiction to review the latter two assignments of error relating to the district court's partial grant of summary judgment. In the alternative, they argue that the district court correctly granted summary judgment on the claims from which Boyd appeals.

## IV. STANDARD OF REVIEW

[1] When a jurisdictional question does not involve a factual dispute, determination of a jurisdictional issue is a matter of law which requires an appellate court to reach a conclusion independent from the trial court's.[1]

[2] While a court's decision to issue a stay in an action is generally reviewed under an abuse of discretion standard of

---

[1] *Hand Cut Steaks Acquisitions v. Lone Star Steakhouse, ante* p. 705, ___ N.W.2d ___ (2018).

review,[2] the decision whether to stay proceedings and compel arbitration is a question of law that an appellate court reviews de novo.[3]

## V. ANALYSIS

### 1. Jurisdiction

[3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[4] To determine whether we have appellate jurisdiction to review the district court's order of dismissal or its prior summary judgment order, we first recall principles of Nebraska law governing appellate jurisdiction.

### (a) Nebraska Appellate Jurisdiction

[4] Under the Nebraska Constitution, this court has only "such appellate jurisdiction as may be provided by law."[5] That is to say, "in order for this court to have jurisdiction over an appeal, appellate jurisdiction must be specifically provided by the Legislature."[6]

[5,6] The Legislature has provided that appellate courts have jurisdiction to review the judgments and final orders of the district courts.[7] And the Legislature has defined a "judgment"

---

[2] See, *Sullivan v. Storz*, 156 Neb. 177, 55 N.W.2d 499 (1952). See, also, *Lamb v. Dist. Ct. of Fourth Judicial Dist.*, 356 Mont. 534, 234 P.3d 893 (2010); *In re Application for Water Rights of U.S.*, 101 P.3d 1072 (Colo. 2004).

[3] See *Good Samaritan Coffee Co. v. LaRue Distributing*, 275 Neb. 674, 748 N.W.2d 367 (2008).

[4] *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

[5] Neb. Const. art. V, § 2. Accord *Heckman v. Marchio*, 296 Neb. 458, 894 N.W.2d 296 (2017).

[6] *Heckman v. Marchio, supra* note 5, 296 Neb. at 460, 894 N.W.2d at 299.

[7] Neb. Rev. Stat. § 25-1911 (Reissue 2016).

as "the final determination of the rights of the parties in an action."[8] A final judgment is one that disposes of the case either by dismissing it before hearing is had upon the merits, or after trial by rendition of judgment for the plaintiff or defendant.[9] Conversely, every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.[10]

[7] "Final orders" are also defined by statute:

> An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a final order which may be vacated, modified or reversed, as provided in this chapter.[11]

Thus, the only three types of final orders which may be reviewed on appeal are (1) an order which affects a substantial right and which determines the action and prevents a judgment, (2) an order affecting a substantial right made during a special proceeding, and (3) an order affecting a substantial right made on summary application in an action after judgment is rendered.[12]

Also, Neb. Rev. Stat. § 25-1315 (Reissue 2016) provides that when a case involves multiple claims or multiple parties, a party may generally only appeal when all claims and the rights of all parties have been resolved. If a court issues an order that is final as to some, but not all, of the claims or parties, such an order is appealable "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."[13] In the absence of such an entry

---

[8] Neb. Rev. Stat. § 25-1301(1) (Reissue 2016).

[9] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

[10] *Id.*

[11] Neb. Rev. Stat. § 25-1902 (Reissue 2016).

[12] See *State v. Combs*, 297 Neb. 422, 900 N.W.2d 473 (2017).

[13] § 25-1315(1).

of judgment, orders adjudicating fewer than all claims or the rights of fewer than all the parties are not final and are "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."[14] Thus, absent an entry of judgment under § 25-1315, no appeal will lie unless all claims have been disposed as to all parties in the case.[15]

(b) Finality of District
Court's Dismissal

[8] As an initial matter, our appellate review in this case encompasses only the district court's dismissal and stay order and not its prior summary judgment order. As we read the court's dismissal order, it dismissed all nondissolution claims, including those claims on which it previously granted summary judgment. Under § 25-1315(1), an order that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" is not final and "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Because the district court's prior summary judgment order granted summary judgment on only some of the claims and left other claims to be resolved at trial, the order did not adjudicate all of the claims in the case and was thus "subject to revision at any time."[16] In light of the provisional nature of the prior summary judgment order, we understand the district court's order dismissing "all matters, not to include the judicial dissolution of Great Plains," to include those claims on which the court previously granted summary judgment. The district court's dismissal of those claims for lack of jurisdiction

---

[14] *Id.*

[15] See *Cerny v. Todco Barricade Co.*, 273 Neb. 800, 733 N.W.2d 877 (2007). See, generally, *Castellar Partners v. AMP Limited*, 291 Neb. 163, 864 N.W.2d 391 (2015) (discussing § 25-1315).

[16] See § 25-1315(1).

effectively vacated its prior summary judgment order. As a result, our review in this appeal is limited to the court's dismissal and stay order.

Before reviewing the appealability of the dismissal order under the general final order statute, we first note that the order is not made appealable by the provisions of Nebraska's Uniform Arbitration Act. Neb. Rev. Stat. § 25-2620 (Reissue 2016) authorizes appellate jurisdiction to review certain arbitration-related orders, such as an order denying an application to compel arbitration or an order granting an application to stay arbitration. But this section does not address whether a party may appeal an order *granting* an application to compel arbitration or to stay judicial proceedings.[17] Appellate jurisdiction to review an order compelling arbitration and staying the action is determined by looking to the general final order statute, § 25-1902.[18] Here, the district court's order, which stayed the dissolution proceeding pending the outcome of arbitration and dismissed all other claims, does not fall within the limited scope of § 25-2620.

Neither is the order here reviewable as a judgment. The district court's order was not a "final determination of the rights of the parties in an action"[19] because it did not determine all of the parties' rights. The order left the dissolution proceeding unresolved, staying that claim pending the outcome of arbitration.[20]

[9] It necessarily follows that we have jurisdiction to review the court's dismissal order only if it constitutes a final order. Had the district court's order simply dismissed all claims, it would unquestionably be a final order. Generally, an order of

---

[17] *Kremer v. Rural Community Ins. Co.*, 280 Neb. 591, 788 N.W.2d 538 (2010).

[18] *Id.*

[19] § 25-1301(1). See, also, *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

[20] See *Cattle Nat. Bank & Trust Co. v. Watson, supra* note 19.

dismissal is a final, appealable order.[21] But the district court's order dismissed all claims except the Great Plains dissolution proceeding, which it stayed pending arbitration.

Thus, whether we have jurisdiction turns on whether the order staying the dissolution proceeding is a final order. If the stay is not a final order, then the district court's order under § 25-1315 would be one that "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties" and would therefore not be final. If the stay is a final order, then the dismissal and stay order does not fall within § 25-1315 and we have appellate jurisdiction to review it.

[10,11] An order issuing a stay within an action is generally not appealable.[22] But we have held that a stay that is "tantamount to a dismissal of an action or has the effect of a permanent denial of the requested relief" is a final order.[23] In *Kremer v. Rural Community Ins. Co.*,[24] we concluded that a court order under Nebraska's Uniform Arbitration Act staying an action has the same effect as a dismissal because "[t]he parties cannot litigate their dispute in state courts." Though the order at issue here is distinct from the one in *Kremer*, we reach the same conclusion.

In *Kremer*, the trial court, on the defendant's motion, compelled arbitration and stayed the case. Here, the court's order was issued sua sponte and did not compel arbitration, but dismissed most claims because of the arbitration provision and stayed the remaining claim, for dissolution of Great Plains, pending the result of arbitration. The order staying the dissolution proceeding was tantamount to a dismissal of that

---

[21] *Bargmann v. State*, 257 Neb. 766, 600 N.W.2d 797 (1999) (decided before enactment of § 25-1315); *Robinson v. NABCO, Inc.*, 10 Neb. App. 968, 641 N.W.2d 401 (2002); *Janet K. v. Kevin B.*, 5 Neb. App. 169, 556 N.W.2d 270 (1996).

[22] *Kremer v. Rural Community Ins. Co., supra* note 17.

[23] *Id*. at 600, 788 N.W.2d at 548.

[24] *Id.* at 600-01, 788 N.W.2d at 548.

claim, because it stayed that claim for an indefinite period of time and conditioned the lifting of the stay on the parties' arbitrating their other claims. It was thus similar to the order in *Kremer* in that it put the parties out of court and effectively forced them to arbitrate their claims. We conclude that the order staying the Great Plains dissolution proceeding was a final order.

Because both the stay of the dissolution proceeding and the dismissal of all other claims were final, the order staying and dismissing claims disposed of all claims as to all parties within the meaning of § 25-1315. We have jurisdiction to review the district court's order.

## 2. District Court's Dismissal
## and Stay Order

Boyd argues that the district court erred by dismissing the nondissolution claims and staying the dissolution proceeding, while the appellees take no position on the correctness of the court's order. Boyd argues that the employment contract's arbitration provision had been waived by the parties by extensively litigating the claims subject to the provision and that the venue and jurisdiction provision did not deprive the district court of subject matter jurisdiction. We agree that the district court's dismissal and stay order was erroneous.

[12-14] When the district court concluded that it lacked jurisdiction, it did not specify whether it was referring to personal or subject matter jurisdiction. But the court appeared to be referring to the latter. Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.[25] American courts long ago adopted the "'no-waiver, no-consent' rule" for subject matter jurisdiction from the English

---

[25] *J.S. v. Grand Island Public Schools*, 297 Neb. 347, 899 N.W.2d 893 (2017).

common law.[26] As we have frequently stated, parties cannot confer subject matter jurisdiction upon a judicial tribunal by either acquiescence or consent, nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of the parties.[27] And a lack of subject matter jurisdiction may be raised at any time by any party or by the court sua sponte.[28]

[15] Just as parties may not confer subject matter jurisdiction on a court by consent, neither may parties deprive a court of subject matter jurisdiction by their own agreement.[29] A court's subject matter jurisdiction derives from the constitutional and statutory sources of its authority, not the agreement of the litigants that appear before it.[30]

[16] The district court erred in concluding that the arbitration and jurisdiction and venue provisions of the employment agreement deprived it of subject matter jurisdiction. As a basic principle of law, a contractual agreement can do no such thing.[31] While some older case law inaptly referred to arbitration agreements as "oust[ing the] courts of jurisdiction,"[32] such provisions are properly understood as contractual agreements between parties to resolve their disputes in an arbitral

---

[26] Larry L. Teply & Ralph U. Whitten, *Civil Procedure* 44 (5th ed. 2013) (emphasis omitted).

[27] *J.S. v. Grand Island Public Schools, supra* note 25.

[28] *Id.*

[29] *State, etc. v. University of Wisconsin-Madison*, 96 Wis. 2d 492, 292 N.W.2d 657 (Wis. App. 1980). See, *J.S. v. Grand Island Public Schools, supra* note 25; *Shaffer v. Jeffery*, 915 P.2d 910 (Okla. 1996).

[30] *Dial 800 v. Fesbinder*, 118 Cal. App. 4th 32, 12 Cal. Rptr. 3d 711 (2004) (as modified). See, generally, *J.S. v. Grand Island Public Schools, supra* note 25 (subject matter jurisdiction).

[31] See, *Dial 800 v. Fesbinder, supra* note 30; *State, etc. v. University of Wisconsin-Madison, supra* note 29.

[32] See, e.g., *Dowd v. First Omaha Sec. Corp.*, 242 Neb. 347, 353, 495 N.W.2d 36, 40 (1993). But see *Park Construction Co. v. Independent School Dist. No. 32*, 209 Minn. 182, 296 N.W. 475 (1941).

venue.[33] This court has recognized that "[a]rbitration is purely a matter of contract."[34] And while an arbitration provision, like a forum selection provision, may create an enforceable right to resolve disputes between the parties to the contract in another forum, such provisions do not bear on the subject matter jurisdiction of the court.[35] As the Supreme Court of Oklahoma explained, "[t]he contractual right to compel arbitration [is] a defense to an action on the contract," but "[t]he affirmative defense of an agreement to arbitrate is not the same thing as lack of subject matter jurisdiction."[36] An order compelling arbitration made pursuant to Nebraska's Uniform Arbitration Act[37] or the Federal Arbitration Act[38] may deprive a court of jurisdiction to adjudicate the claims subject to arbitration, but it is the arbitration order and the underlying statute, not the arbitration agreement itself, that deprive the court of jurisdiction.[39]

And the employment contract here does not even purport to deprive the court of subject matter jurisdiction. The arbitration clause provides that disputes between Boyd and Midwest Pain are to be resolved by arbitration. And the jurisdiction

---

[33] See, *In re Nestorovski Estate*, 283 Mich. App. 177, 769 N.W.2d 720 (2009); *Catrini v. Erickson*, 113 Conn. App. 195, 966 A.2d 275 (2009); *Park Construction Co. v. Independent School Dist. No. 32, supra* note 32.

[34] *Cornhusker Internat. Trucks v. Thomas Built Buses*, 263 Neb. 10, 13, 637 N.W.2d 876, 880 (2002).

[35] *Catrini v. Erickson, supra* note 33. See, *Big City Small World Bakery Cafe, LLC v. Francis David Corporation*, 265 F. Supp. 3d 750 (2017); *Grasty v. Colorado Technical University*, 599 F. Appx. 596 (7th Cir. 2015) (memorandum opinion). See, also, *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 94 S. Ct. 2449, 41 L. Ed. 2d 270 (1974).

[36] *Shaffer v. Jeffery, supra* note 29, 915 P.2d at 913.

[37] Neb. Rev. Stat. §§ 25-2601 to 25-2622 (Reissue 2016).

[38] 9 U.S.C. §§ 1 to 16 (2012).

[39] *Kremer v. Rural Community Ins. Co., supra* note 17. See *Ruff v. Splice, Inc.*, 398 Ill. App. 3d 431, 923 N.E.2d 1250, 338 Ill. Dec. 101 (2010).

and venue provision states that "the [c]ourt located in Union County, South Dakota, shall have jurisdiction and be the venue of all disputes between [Midwest Pain] and [Boyd], whether such disputes arise from this [a]greement or otherwise." If the reference to jurisdiction in this latter provision were somehow read to refer to subject matter—rather than personal—jurisdiction, such a provision would have no legal effect.

[17-19] Finally, from the premise that a contractual arbitration provision merely creates a contractual right, it necessarily follows that this right may be enforced only by a party to the contract.[40] Here, neither party sought to enforce the arbitration provision, yet the court dismissed or stayed all claims in the case in an attempt to push the dispute into arbitration. But like other contractual rights, an agreement to arbitrate can be waived by the parties.[41] Arbitration provisions are not self-executing.[42] It is improper for a court to try to enforce such a contractual right on behalf of the parties.[43] We need not decide whether the extensive litigation that has occurred in this case constitutes a waiver of the arbitration agreement because neither party sought to enforce the arbitration agreement in the first place. Waiver of a contractual provision is a defense to enforcement of that provision, but a party must first seek to invoke the provision before it is necessary to consider the

---

[40] *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996 (9th Cir. 2017) (only party to arbitration agreement may enforce agreement).

[41] *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 3.

[42] *Dial 800 v. Fesbinder, supra* note 30. See, also, *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 3.

[43] See *Yang v. Majestic Blue Fisheries, LLC, supra* note 40. Cf., *Sarpy Cty. Farm Bureau v. Learning Community*, 283 Neb. 212, 808 N.W.2d 598 (2012) (courts should generally not decide issues not raised by parties); *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 3 (arbitration waiver).

affirmative defense of waiver.[44] Because no party has sought to enforce the arbitration agreement, it was error for the district court to do so on its own accord.

## VI. CONCLUSION

For the reasons set forth above, we reverse the stay and dismissal order and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

WRIGHT, J., not participating.

---

[44] See, *Omaha Police Union Local 101 v. City of Omaha*, 292 Neb. 381, 872 N.W.2d 765 (2015) (waiver generally); *Good Samaritan Coffee Co. v. LaRue Distributing, supra* note 3. See, also, *Dial 800 v. Fesbinder, supra* note 30.